UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, <br><br>  Plaintiff, <br><br> -against- <br><br> INTERNATIONAL PAPER COMPANY, <br><br>  Defendant. | 07 Civ. 9627 (SHS) |

### PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1

Pursuant to Local Rule 56.1, plaintiff Georgia-Pacific Consumer Products, LP ("Georgia-Pacific") respectfully submits this statement of undisputed material facts in support of its motion for summary judgment.

1. Plaintiff Georgia-Pacific is a limited partnership, and for purposes of determining diversity of citizenship under 28 U.S.C. § 1332, is a citizen of the States of Virginia, Georgia, Delaware, and Kansas. Rule 7.1 Statement filed by Georgia-Pacific, dated October 30, 2007; Complaint filed by Georgia-Pacific, dated October 30, 2007 (hereinafter "Complaint") ¶ 7.

2. Defendant International Paper Company ("International Paper") is a New York Corporation with its principal place of business in Memphis, Tennessee. Complaint ¶ 8.

3. In December 1971, Federal Paper Board Company, Inc. ("Federal") merged with Riegel Paper Corporation ("Old Riegel"). Certificate Of Merger Of Federal Paper Board Company, Inc. And Riegel Paper Corporation Into Federal Paper Board Company, Inc.

(Declaration of Ingo W. Sprie, Jr., dated December 17, 2007 (hereinafter "Sprie Decl.") ¶ 7, Ex. E.)

4. Old Riegel's assets included the New Jersey Operations which consisted of four paper mills -- the "Milford Mill," the "Warren Mill," the "Hughesville Mill," and the "Riegelsville Mill" -- and several parcels of land in addition to the properties on which the mills were located. Purchase Agreement, dated February 23, 1972 (hereinafter "Purchase Agreement") at Schedule A ¶ A(1) (Sprie Decl. ¶ 4, Ex. B).

5. In February 1972, Federal and Riegel Products Corporation ("RPC") -- an entity wholly separate and distinct from Old Riegel -- executed a purchase agreement wherein Federal agreed to sell the New Jersey Operations to RPC. Purchase Agreement ¶ 1.

6. The Purchase Agreement provided that the consideration paid by RPC would include:

> . . . the assumption by RPC of the liabilities of Federal directly attributable to the New Jersey Operations **on the Closing Date**, including, but not by way of limitation, those listed in Schedule B attached hereto and made a part hereof but excluding those expressly excluded in this Agreement or listed in Schedule C attached hereto and made a part hereof.

Purchase Agreement ¶ 1 (emphasis added).

7. The Purchase Agreement further stated that, at the closing, RPC would provide "a written instrument of assumption by RPC of the liabilities and obligations of Federal to be assumed pursuant to Section 1 hereof in the form attached hereto as Annex A." Purchase Agreement ¶ 2.

8. On April 3, 1972, RPC executed the Assumption Agreement in the form attached as Annex A to the Purchase Agreement. The Assumption Agreement provided in relevant part that RPC would assume:

> . . . (a) all of Federal's debts and liabilities of every kind, character or description, whether known or unknown, whether disclosed or undisclosed, whether accrued, absolute, contingent or otherwise, and whether or not reflected or reserved against in Schedules A or B to the Agreement and which are directly attributable to the New Jersey Operations, **as the same exist on the date hereof**, and does hereby agree to pay, perform and discharge, when due, all of the said debts and liabilities; . . . .

Assumption Agreement at 1-2 (Sprie Decl. ¶ 5, Ex. C) (emphasis added).

9. International Paper contends that, as a result of the Purchase Agreement and Assumption Agreement, RPC assumed all liabilities that Federal might have in the future under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), and other federal and state environmental statutes that had not been enacted as of April 3, 1972. Complaint ¶¶ 28-29.

10. In 1996, Federal merged into International Paper. Excerpt from Int'l Paper Co., Registration Statement Under the Securities Act of 1933 (Form S-4) (Feb. 9, 1996) (Sprie Decl. ¶ 8, Ex. F).

11. International Paper contends that Georgia-Pacific is a successor in interest to RPC. Complaint ¶ 20.

12. The EPA has determined that hazardous materials exist at one or more properties comprising the New Jersey Operations and that Georgia-Pacific and International Paper are potentially responsible parties under CERCLA. General Notice Letter from Deborah Mellott, Acting Strategic Integration Manager, Emergency and Remedial Response Division, EPA, to

3

John V. Faraci, Chairman & CEO, International Paper Company (Apr. 12, 2005) (Sprie Decl. ¶ 9, Ex. G); Administrative Settlement Agreement And Order On Consent For Remedial Investigation And Feasibility Study (Sprie Decl. ¶ 10, Ex. H) ¶¶ 11(q), 13.

13. On September 27, 2007, Georgia-Pacific and the EPA entered into an Administrative Settlement Agreement and Order on Consent For Remedial Investigation and Feasibility Study concerning the Crown Vantage Landfill. Pursuant to that Agreement, Georgia-Pacific must conduct a remedial investigation and feasibility study to investigate the nature and extent of the contamination. Administrative Settlement Agreement And Order On Consent For Remedial Investigation And Feasibility Study (Sprie Decl. ¶ 10, Ex. H) ¶ 9.

Dated: New York, New York
       December 17, 2007

                                    Respectfully submitted,

                                    By: _____
                                    Ingo W. Sprie, Jr.
                                    David G. Kleiman
                                    ARNOLD & PORTER LLP
                                    399 Park Avenue
                                    New York, New York 10022-4690
                                    Tel: (212) 715-1000
                                    Fax: (212) 715-1399
                                    Ingo.Sprie@aporter.com

                                    *Counsel for Plaintiff Georgia-Pacific Consumer Products, LP*