Exhibit C

## ASSUMPTION

KNOW THAT the undersigned, Riegel Products Corporation, a Delaware corporation ("RPC"), in consideration of the conveyance, sale, assignment and transfer to it of the assets and properties consisting of and including all of the business and related operations (the "New Jersey Operations") of Federal Paper Board Company, Inc., a New York corporation ("Federal"), which are conducted in and/or from Federal's mills, plants, offices and facilities located at the four New Jersey Mills described in Paragraph A(1) of Schedule A attached to a certain Purchase Agreement, dated February 23, 1972, between RPC and Federal (the "Agreement"), together with all assets and properties of Federal, real and personal, tangible and intangible, directly attributable to the New Jersey Operations on the date hereof does hereby assume, pursuant to Section 1 of the Agreement

(a) all of Federal's debts and liabilities of every kind, character or description, whether known or unknown, whether disclosed or undisclosed, whether accrued, absolute, contingent or otherwise, and whether or not reflected or reserved against in Schedules A or B to the Agreement and which are directly attributable to the New Jersey Operations, as the same exist on the date hereof, and does hereby

- 2 -

agree to pay, perform and discharge, when due, all of the said debts and liabilities;

(b) all of the duties and obligations to be performed and discharged by Federal after the Closing Date under (i) the contracts, agreements and commitments of Federal existing on January 3, 1972 and directly attributable to the New Jersey Operations, including, but not by way of limitation, those listed or described in Schedule B to the Agreement, and (ii) the contracts, agreements and commitments entered into on or after January 3, 1972 by those officers or employees of Federal who were employed in the New Jersey Operations on or subsequent to January 3, 1972;

provided that RPC does not assume or agree to pay, perform or discharge any liability or obligation which Schedule C to this Agreement provides shall not be assumed by RPC.

IN WITNESS WHEREOF, the undersigned has caused its corporate name to be hereunto subscribed and its corporate seal to be hereunto affixed by its officers thereunto duly authorized as of the 3rd day of April, 1972.

RIEGEL PRODUCTS CORPORATION

By _____
            President

Attest:

_____

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the 3rd day of April, 1972, before me personally came William M. Riegel to me known who being by me duly sworn, did depose and say that he resides at Black River Road, Far Hills, New Jersey; that he is the President of Riegel Products Corporation, the Delaware corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

*Joy Mastromauro*
Notary Public

JOY MASTROMAURO
Notary Public, State of New York
No. 41-7757605
Qualified in Queens County
Commission Expires March 30, 1974