Exhibit D

Federal Paper Board Company, Inc.
75 Chestnut Ridge Road
Montvale, New Jersey 07645

Attention: Mr. John R. Kennedy, Jr.

Dear Sirs:

    1. You and I have agreed to work toward the purchase, by a corporation to be organized by me and to be called Riegel Products Corporation ("RPC"), of the New Jersey operations (the "New Jersey Operations") which Federal Paper Board Company, Inc. ("Federal") acquired in conjunction with the merger of Riegel Paper Corporation ("Riegel") into Federal. The assets included in the New Jersey Operations will be the paper mills and paper converting operations located at Milford, Warren, Hughesville and Riegelsville, New Jersey, as of the effective time of purchase, including but not limited to: the plant sites, machinery, inventories, and the operating and maintenance supplies located at such sites as described in Attachment A, and the intangible assets directly related to such operations, such as: receivables, trademarks, copyrights and patents. RPC will assume the outstanding obligations, commitments, contracts and liabilities of Federal at the effective time of purchase which are directly related to the New Jersey Operations, other than (i) liabilities for franchise taxes, taxes on or withheld from payrolls paid by Federal and income taxes, all to the extent accrued as of the effective time of purchase and (ii) liabilities to employees for termination pay incurred by Federal or Riegel prior to the date hereof. It is understood that mutually satisfactory arrangements with regard to pension obligations to employees at the New Jersey Operations will be made.

    2. Subject to the adjustment provided for below, RPC will pay in cash at the effective time of purchase an amount equal to (a) the net book value of the receivables and the net book value of the inventories of the New Jersey Operations as carried on the books of Federal at January 3, 1972 plus the net increase, if any, in the fixed assets related to such operations between January 3, 1972 and the effective time of purchase less (b) the accrued liabilities (other than liabilities for franchise taxes, taxes on or withheld from payrolls paid by Federal and income taxes, all to the extent accrued as of the effective time of purchase), accounts payable, pre-paid expenses and reserve for bad debts, reserve for obsolescence of inventory and the

... as determined from such books at Januar 3, 1972. As soon as practicable after the effective time of the purchase, the price will be adjusted to reflect the changes in the same accounts from January 3, 1972 to the effective time of purchase (the amount of such adjustment to be promptly and conclusively determined by an audit to be conducted by Haskins & Sells with expenses to be equally shared by the parties).

3. In connection with the purchase set forth above, it is contemplated that Federal and RPC will enter into the following auxiliary transactions:

(a) Federal will transfer to RPC the use of the name "Riegel" subject to any rights to such name which Rexham Corporation may have, under the Agreement and Plan of Reorganization dated as of September 23, 1971 among Federal, Riegel and Rexham Corporation, except that Federal may continue to (1) use the name Riegelwood and (2) use the name Riegel on products manufactured at Riegelwood, North Carolina and presently bearing that name for a period of two years or so long as the arrangements referred to in paragraph 3(c) hereof are in effect, whichever is longer.

(b) RPC will enter into a mutually agreeable contract with Federal to conduct certain sheeting, warehousing and embossing operations for Federal.

(c) On an interim basis, and at a 3% commission, Federal and RPC will each undertake to market certain grades of paper produced by the other, such mutually agreeable arrangements to be on a non-exclusive basis and on such other terms as shall hereafter be negotiated by the parties.

4. It is contemplated that the purchase agreement, referred to in paragraph 5 below, shall contain full representations and warranties of Federal with regard to the New Jersey Operations, but that such representations and warranties shall terminate as of the effective time of purchase, except that the deeds employed in connection with the transfer of real property shall contain covenants against grantors' acts. It is also contemplated that the purchase agreement will include, as a condition of Federal's obligations to go forward, a requirement that Federal shall have received a supplementary tax ruling in a form satisfactory to Federal with regard to the sale of the Hughesville and Riegelsville mills.

3

     5. We will immediately commence the preparation of a mutually satisfactory, legally-binding purchase agreement with a view to executing the same on or prior to February 15, 1972. This letter of intent is not intended to create a legal obligation on either party to enter into such purchase agreement. If such purchase agreement has not been executed by 5:00 P.M. on February 15, 1972, then this letter shall be of no further effect and neither of the parties shall be liable or obligated to the other in respect of this letter or any of the transactions contemplated hereby.

     Please indicate your intent to go forward on this basis by signing this letter at the place indicated below.

Very truly yours,

*William M. Riegel*
William M. Riegel

FEDERAL PAPER BOARD COMPANY, INC.

By _[signature]_