UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP,<br><br>                    Plaintiff,<br><br>- against -<br><br>INTERNATIONAL PAPER CO.,<br><br>                    Defendant. | Case No.: 07 CV 9627 (SHS) (THK)<br><br>ECF CASE |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 56(f) MOTION FOR CONTINUANCE AND DISCOVERY TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(f), Defendant International Paper Co. ("International Paper"), submits this memorandum of law in support of its motion for continuance and discovery to respond to Plaintiff's pending motion for summary judgment.

### PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6), International Paper has demonstrated that Plaintiff's complaint fails to state a claim upon which relief may be granted (the "Motion to Dismiss"). That Motion to Dismiss has been fully briefed, but not yet decided. Nonetheless, despite the fact that it has not yet survived this threshold challenge to its complaint, Plaintiff Georgia-Pacific has now moved for summary judgment in its favor (the "Summary Judgment Motion"). *See* D.I. 13. If granted, the Motion to Dismiss will dispose of this matter in its entirety, thereby obviating the need to even consider the Summary Judgment Motion. For that reason, International Paper requests a temporary continuance to permit this Court to resolve the Motion to Dismiss before requiring International Paper's merits-based opposition to the Motion for Summary Judgment.

Moreover, because the Summary Judgment Motion relies on a number of documents and factual assertions that exceed the contours of the complaint and the key contract referred to therein, a Rule 56(f) continuance is warranted. *See* Fed. R. Civ. P. 56 (f) ("If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or issue any other just order."); *see also* Declaration of Joseph Serino, Jr., (hereinafter the "Serino Declaration") detailing the discovery International Paper seeks and the reasons why that discovery is necessary. Indeed, even if this Court were to reach the merits of the Summary Judgment Motion, International Paper must be afforded the opportunity to take limited discovery before opposing that motion. *See id.*; *see also S.W.B. New England, Inc. v. R.A.B. Food Group, LLC*, No. 06-CV-15357, 2007 WL 1753067, at * 2 (S.D.N.Y. June 13, 2007) ("Rule 56(f) has often been invoked by courts in this district to forestall premature summary judgment.").

## **BACKGROUND**

The facts material to this Rule 56(f) motion are undisputed. Plaintiff commenced this action on October 30, 2007. *See* D.I. 1. On December 3, 2007, International Paper filed its Motion to Dismiss, which is now fully-briefed. *See* D.I. 10. The Motion to Dismiss seeks dismissal of this action in its entirety. On December 17, 2007, Plaintiff filed its Summary Judgment Motion. *See* D.I. 13.

Those pleadings aside, very little has happened in this case to date. International Paper has not even answered -- and issue has not been joined -- because the Motion to Dismiss is pending. No Civil Case Management conference has been conducted. There has been no Rule

26(a)(1) exchange of discovery. And the parties have not even propounded a single discovery demand on one another, let alone exchanged any information.

With respect to the pending motions, the Motion to Dismiss demonstrates that the allegations in the complaint -- even if taken at face value -- are belied by the unambiguous terms of the parties' contract. In contrast, the Motion for Summary Judgment relies on multiple factual assertions and extrinsic material beyond the complaint and relevant contract.

## **INTERNATIONAL PAPER'S RULE 56(f) MOTION SHOULD BE GRANTED**

Because the Motion to Dismiss was filed-first, resolves a threshold issue, and is case-dispositive, this Court should grant a limited continuance in order to resolve that fully-briefed motion before considering the Motion for Summary Judgment. If the Court denies the Motion to Dismiss, in whole or in part rejecting International Paper's proffered contract interpretation, it would then be appropriate to reach the merits of the Summary Judgment Motion.

In any event, regardless of when this Court considers the Motion for Summary Judgment, International Paper is entitled to discovery before opposing that motion. This is so because the Summary Judgment Motion interjects and relies upon numerous materials extrinsic to the complaint. For instance, the Summary Judgment Motion relies on several unauthenticated documents that are *not* attached to Plaintiff's complaint, are *not* part of the relevant contract, and have *not* previously been produced to International Paper. *See, e.g.,* D.I. 16 at 16 n.6 ("***the Court should consider*** the letter of intent signed by the parties"); D.I. 15 Exhibit D (an undated purported "letter of intent"), Exhibit E (an excerpted certificate of merger unrelated to the contract at issue), Exhibit F (an excerpted International Paper Registration Statement), Exhibit G (a 2005 letter from the EPA to International Paper), and Exhibit H (a settlement agreement between the EPA and Georgia-Pacific). Before being forced to respond to the Summary

3

Judgment Motion, International Paper should be afforded the opportunity for discovery to examine and better understand these unauthenticated, extra-contractual documents and to test the other extraneous factual assertions contained in the Summary Judgment Motion.

This request for Rule 56(f) discovery does not and should not in any way cast doubt on International Paper's pending Motion to Dismiss and its steadfast contention therein that this matter should be disposed through dismissal pursuant to Rule 12(b)(6). To the extent the Court disagrees with International Paper's contention and denies that dismissal motion, however, International Paper should have the opportunity to avail itself of Rule 56(f) to explore and challenge the factual assertions made in Plaintiff's complaint and pending Summary Judgment Motion. That is particularly true since International Paper's dismissal motion must, pursuant to Rule 12(b)(6), credit all well-pled allegations in the complaint.

International Paper's request is amply supported by the well-settled law that summary judgment should not be entered against a non-movant unless and until that party has had sufficient opportunity to take discovery:

> However, summary judgment should be granted only "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Berger v. United States*, 87 F.3d 60, 65 (2d Cir.1996), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (alteration in original and emphasis added). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5. (1986). … [T]he absence of a complete record ordinarily precludes granting summary judgment.

*S.W.B. New England, Inc.*, 2007 WL 1753067, at * 2 (emphasis in original). To that end, "[w]hen a party moves prematurely for summary judgment before discovery has been completed, Rule 56 provides a safety valve, in the form of Rule 56(f), to prevent the opposing party from being railroaded." *Id*. (internal citations omitted). Indeed, courts are to liberally grant Rule 56(f)

4

motions. *See, e.g., Holmes v. Lorch*, 329 F. Supp. 2d 516, 528-529 (S.D.N.Y 2004) ("Rule 56(f) is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality.") (quoting *Dubai Islamic Bank v. Citibank*, 126 F. Supp. 2d 659, 665 (S.D.N.Y. 2000)).

That law is particularly controlling here, ***where discovery has not even commenced***. As noted, International Paper has not even answered the complaint, let alone had the opportunity to serve any discovery requests. Moreover, Plaintiff has not even disclosed the identity of relevant witnesses or the location of relevant documents. *See* Fed. R. Civ. P. 26(a)(1). These exceptional circumstances have provided International Paper with absolutely no discovery of Plaintiff and strongly warrant a Rule 56(f) continuance. *See, e.g., Citibank*, 126 F. Supp. 2d at 665 ("Generally, a party opposing a motion for summary judgment must have had the opportunity to discover information that is essential to its opposition to the motion. Rule 56(f) requires courts to ensure that parties have a reasonable opportunity to make their record before ruling on a motion for summary judgment.") (internal citations omitted).

Moreover, as stated in the supporting Serino Declaration, the discovery that International Paper seeks is reasonably calculated to lead to admissible evidence regarding the factual assertions presented by the Summary Judgment Motion. The requested discovery surrounds matters related to the underlying contract and the parties' understanding of relevant liabilities -- topics that Plaintiff has directly put at issue in its Summary Judgment Motion. *See, e.g.,* D.I. 16 at 16 n.6 (citing a purported pre-contract negotiation letter). Indeed, Plaintiff explicitly seeks in its motion to "***put the present dispute in context***," describing various party and non-party activities prior to, simultaneous with, and subsequent to contract execution. *Id.* at 3. Georgia-Pacific cannot have it both ways by both offering facts surrounding the "context" of the present

dispute and then noting these unilaterally-offered "facts" are "unnecessary to the resolution of the pending motion." *Id*. Because Georgia-Pacific injected factual assertions to support its own contractual interpretation and request for summary judgment, International Paper is entitled to Rule 56(f) discovery surrounding the basis and nature of these assertions and any relevant "context." Such discovery also is necessary to respond to Plaintiff's assertions about its own relevant actions and those of its predecessors. *See, e.g., id.* at 24 (asserting, without citation, that "the vast majority of the contamination at the sites was caused by International Paper's predecessors, not by RPC. Finally, it is Georgia-Pacific that is voluntarily cooperating with the EPA, while International Paper has refused to cooperate.").

Having intentionally infused these issues and other extrinsic evidence into its Summary Judgment Motion, Plaintiff cannot now credibly deny International Paper the opportunity to reasonably explore them. *See Holmes,* 329 F. Supp. 2d at 528-529 ("Courts have interpreted Rule 56(f) to provide that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until discovery has been conducted.") (internal citation omitted).

## CONCLUSION

Based on the foregoing and the accompanying Serino Declaration, International Paper respectfully requests that this Court grant its Rule 56(f) motion by (i) continuing Plaintiff's Summary Judgment Motion until International Paper's Motion to Dismiss is decided, and (ii) affording International Paper an opportunity to conduct the specific discovery requested herein should this Court elect to reach the merits of Plaintiff's Summary Judgment Motion.

|  |  |
|---|---|
| Dated: January 22, 2008<br>New York, New York | KIRKLAND & ELLIS LLP<br><br>   /s Joseph Serino, Jr.<br><br>Joseph Serino, Jr.<br>Atif Khawaja<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York  10022-4611<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>*Counsel for Defendant International Paper Co.* |