Exhibit A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Joseph Serino, Jr.
To Call Writer Directly:
(212) 446-4913
jserino@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

December 18, 2007

**By Fax**

The Honorable Sidney H. Stein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Room 1010
New York, NY 10007

Re: *Georgia-Pacific Consumer Prods., LP v. International Paper Co., (No. 07-CV-9627 (SHS) (THK))*

Your Honor:

On behalf of Defendant International Paper Company ("International Paper"), I write to request the Court's guidance on a scheduling issue.

On December 3, 2007, International Paper filed a motion to dismiss Plaintiff Georgia-Pacific's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* D.I. 10. Yesterday, Plaintiff filed pleadings purporting to not only oppose the pending motion to dismiss, but further -- and without notice -- seeking an order of summary judgment disposing of the case entirely in Plaintiff's favor. *See* D.I. 13-16 (including declaration and memorandum jointly styled "in support of its motion for summary judgment and in opposition to Defendant's motion to dismiss"). I write now to request the Court's guidance regarding the filing of International Paper's response to these pleadings.

International Paper contends that Plaintiff's motion for summary judgment is premature and should be stayed. Prior to Plaintiff's present request, International Paper sought to have this Court decide whether Georgia-Pacific's complaint is facially deficient under Rule 12(b)(6). That motion, concerning whether Plaintiff has even stated a claim, should be adjudicated before this Court or International Paper are required to devote resources to Georgia-Pacific's motion for summary judgment. Indeed, should the Court decide that the complaint is defective, Plaintiff's summary judgment motion is moot. And even if the Court decides that Plaintiff has stated a valid claim, International Paper should have the opportunity to first *answer* that complaint and proceed according to the provisions of Fed. R. Civ. P. 56 before having to address a request for summary judgment.

## KIRKLAND & ELLIS LLP

The Honorable Sidney H. Stein
December 18, 2007
Page 2

  Accordingly, International Paper respectfully requests that the motion to dismiss briefing conclude with the filing of its reply papers, and that Plaintiff's summary judgment motion be held in abeyance until resolution of Defendant's motion to dismiss. Relatedly, given the intervening holidays, International Paper further requests (for the first time) a short extension of 10 business days for the filing of its reply in support of its motion to dismiss.

              Respectfully submitted,

              */s/ Joseph Serino, Jr.*
              Joseph Serino, Jr.

cc: Ingo W. Sprie, Jr., Esq. (by fax)
   David G. Kleiman, Esq. (by fax)