Exhibit D

**ARNOLD & PORTER** LLP

Ingo W. Sprie, Jr.
Ingo_Sprie@aporter.com

212.715.1124
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

December 21, 2007

**BY FACSIMILE**

The Honorable Sidney H. Stein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1010
New York, N.Y. 10007

Re:  *Georgia-Pacific Consumer Products, LP v. International Paper Company*, 07 Civ. 9627 (SHS)

Dear Judge Stein:

We write on behalf of plaintiff Georgia-Pacific Consumer Products, LP ("Georgia-Pacific") in response to Mr. Serino's letter of yesterday evening.

International Paper Company ("International Paper") fails to articulate any basis for denying Georgia-Pacific a hearing on its motion for summary judgment. Georgia-Pacific's motion is based on a demonstration that, *as a matter of law*, its alleged predecessor did not assume CERCLA liabilities under the four corners of a Purchase Agreement and a related Assumption Agreement. Georgia-Pacific is entitled to summary judgment without the need to consider extrinsic evidence about the agreements or the need to reach discovery. If International Paper now contends that construing the contracts raises issues of fact and requires discovery -- a position fundamentally contrary to the one asserted in its own motion to dismiss -- the proper course is to file papers opposing the summary judgment motion on that ground. The proper course is not to attempt to prevent consideration of Georgia-Pacific's motion.

Further, notwithstanding International Paper's protests to the contrary, it is clear that the parties' motions are, indeed, opposite sides of the same coin. While Mr. Serino's letter characterizes International Paper's motion as testing whether Georgia-Pacific "recites a valid claim," the motion is based on the contention that, as a matter of law, Georgia-Pacific's alleged predecessor assumed CERCLA liabilities. International Paper bases its argument on the same Purchase Agreement and Assumption Agreement on which Georgia-Pacific bases its motion, but refers to the two agreements collectively as "the contract" because one agreement was annexed (in unexecuted form) to the other. The fact that International Paper seeks a ruling on the merits is illustrated by the first heading in the argument section of its memorandum, which is entitled: "The Unambiguous Four Corners Of The Contract Compel RPC's Assumption Of All Of

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

# ARNOLD & PORTER LLP

The Honorable Sidney H. Stein
December 21, 2007
Page 2

Federal's Environmental Liability For The New Jersey Operations." *See* IP Mem. at 7. Georgia-Pacific contends that International Paper's motion must denied for the very same reason that its summary judgment motion must be granted -- there was no assumption of CERCLA liabilities *as a matter of law* based on the four corners of the contracts.

    International Paper should be required to respond to Georgia-Pacific's summary judgment motion. Moreover, even if International Paper finds it necessary to file separate memoranda in reply on its own motion and in opposition to Georgia-Pacific's motion -- memoranda that it seeks permission to file two weeks apart from each other -- Georgia-Pacific respectfully submits that the motions should be considered and decided together.

                                            Respectfully submitted,

                                            Ingo W. Sprie, Jr.

cc: Joseph Serino, Jr. (by facsimile)

# ARNOLD & PORTER LLP