```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
GEORGIA-PACIFIC CONSUMER PRODUCTS, : 07-Civ-9627(SHS)
LP,                                :
                                   :
            Plaintiff,             :
                                   : ORDER
       -against-                   :
                                   :
INTERNATIONAL PAPER COMPANY,       :
                                   :
            Defendant.             :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    International Paper has moved pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for (1) a stay of Georgia-Pacific's motion for summary judgment, and (2) discovery into such matters as the circumstances under which the Federal Paper Board Company came to possess the New Jersey Operations and extrinsic evidence going to the meaning of the Agreement. That motion is denied.

    Contrary to defendant's assertion, plaintiff's motion for summary judgment does not "rel[y] upon numerous materials extrinsic to the complaint," (Def.'s Mem. of Law in Support of its Rule 56(f) Mot. at 3), but rather simply requests that the Court interpret the language of the Purchase and Assumption Agreements—the same language that defendant asks the Court to interpret in its own motion to dismiss the complaint. Where, as here, a contract is unambiguous on its face, its proper construction is a question of law, and the issue may be resolved by summary judgment. Omni Quartz, Ltd. v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002). Although "[r]ule 56(f) may be used to stay a summary judgment motion while necessary discovery is conducted," Players, Inc. v. City of New York, 371 F. Supp. 2d 522, 534 (S.D.N.Y. 2005)

1

(quotation omitted, emphasis added), there is no "necessary discovery" to conduct here because the Court is presented with a pure question of law in the competing motions for summary judgment by plaintiff and for dismissal by defendant. See also Liberty Mut. Ins. Co. v. N. Picco & Sons Contracting Co., No. 05 Civ. 217, 2008 WL 190310, at *4 (S.D.N.Y. Jan. 16, 2008). Further, even though defendant has not submitted a separate brief in opposition to plaintiff's motion for summary judgment, defendant has fully briefed its legal argument regarding the proper construction of the contract in the context of its own motion to dismiss the complaint. Since the question presented in defendant's motion to dismiss is precisely the same as the question presented in plaintiff's summary judgment motion and both can be decided as a matter of law, the Court exercises its discretion under Rule 56(f) and denies defendant's motion for a stay and for discovery. [20]

Dated: New York, New York
       July 15, 2008

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.